# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1728V

| | |
|---|---|
| STEPHANIE FELIX and ASHTON FELIX, on behalf of E.A.F., | Chief Special Master Corcoran |
| Petitioners, | Filed: January 17, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*John Leonard Shipley*, Davis, CA, for Petitioners.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 19, 2021, Stephanie and Ashton Felix, acting on behalf of their minor child E.A.F., filed a Petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Program"). Petitioners alleged that following his receipt of an August 6, 2018, measles-mumps-rubella ("MMR") vaccine, E.A.F. suffered from immune thrombocytopenic purpura ("ITP"), with residual effects and complications lasting for more than six months. Petition (ECF No. 1); *see also* Amended Petition filed May 13, 2022 (ECF No. 18); 42 C.F.R. §§ 100.3(a)(V)(A) and (c)(7) (listing of MMR/ITP on the Vaccine Injury Table).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

In May 2022, the case was assigned to the Special Processing Unit of the Office of Special Masters, since it alleged a Table injury. But there was a threshold issue of whether the injury was sufficiently severe, under the meaning of Section 11(c)(1)(D)(i), to be eligible for the Program. After receiving Petitioners' additional fact evidence and both parties' briefing (completed in October 2023), I concluded that Petitioners had not made that showing, requiring dismissal of their claim. Decision granting Respondent's Motion to Dismiss dated Apr. 29, 2024 (ECF No. 42) (hereinafter "Dismissal Decision"). The Court of Federal Claims sustained that finding. Opinion and Order dated July 30, 2024 (ECF No. 47) (hereinafter "CFC Opinion").

On August 14, 2024, Petitioners submitted their (first and final) request for attorneys' fees and costs. ECF No. 50. Petitioners represented that they did not incur any out-of-pocket expenses. ECF No. 50-3. On August 19, 2024, Respondent deferred to the Court's determination as to whether the case meets the statutory requirements for an award of attorneys' fees and costs, and if so, the appropriate amount to be awarded. Response (ECF No. 51) at 2, 4. Petitioners have not filed a reply. For the reasons set forth below, Petitioners' motion is granted.

## Petitioners' Claim Had Reasonable Basis

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in some unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S. Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two

2

requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). The reasonable basis requirement looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II")*. "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, reasonable basis is not a static inquiry. Reasonable basis may exist when a claim is filed but cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

As previously discussed, E.A.F. received a covered MMR vaccine in August 2018, and shortly developed ITP, which condition's objective hallmark is a platelet count below 50,000. But E.A.F.'s platelets normalized within two months – and never again objectively fell to levels consistent with ITP. *See generally* Dismissal Decision at 3 – 5, 7 – 8.

While this claim was pending, the Federal Circuit confirmed that the meaning of "residual effects" under Section 11(c)(1)(D)(i) includes only actual, somatic "conditions within the patient." Accordingly, mere monitoring after a past history of ITP are not sufficient "residual effects." *Wright v. Sec'y of Health & Hum. Servs.*, 22 F.4th 999, 1006 (Fed. Cir. 2022).

Petitioners received an additional opportunity to develop the record, in an attempt to distinguish their case from that in *Wright*. But ultimately this case did not contain preponderant evidence of any medically necessary restrictions on E.A.F.'s physical activity or ongoing vaccinations, or sufficient psychological distress, that constituted a sufficient somatic condition that could satisfy the severity requirement. Dismissal Decision at 8 – 9; *see also* CFC Opinion at 7 – 8, n. 10.

Overall, I find that the claim was feasible initially, weakened by the subsequent Federal Circuit holding in *Wiright*, but still warranted some additional development and evaluation of the evidence even after *Wright's* clarifications. Although the claim did not succeed, it meets the exceedingly low bar for reasonable basis, and fees should therefore awarded. *Accord Wright v. Sec'y of Health & Human Servs.*, No. 16-498V, 2022 WL 17850714 (Fed. Cl. Spec. Mstr. Nov. 9, 2022) (granting interim attorneys' fees and costs for that MMR-ITP claim despite the similar severity dispute); *Michie v. Sec'y of Health & Human Servs.*, No. 19-453V, 2024 WL 1522347 at *2 – 3 (Fed. Cl. Spec. Mstr. Mar. 13, 2024) (explaining that fees were warranted despite the intervening precedent in *Wright*).

My reasonable basis determination extends to the petitioners' (unsuccessful) motion for review, which challenged the above determinations as well as my discretion to refuse expert involvement in the case, and the applicable legal standard (concerning a motion to dismiss versus a motion for summary judgment). "[W]hile Program counsel

4

should not utilize the appellate process as a means of earning unjustified fees from the Vaccine Program, claimants *do* possess the right of appeal, and therefore should not be denied fees on reasonable basis grounds that is facially unlikely to undo an earlier unfavorable outcome." *Loyd v. Sec'y of Health & Hum. Servs.* No. 16-811V, 2023 WL 4170791 at *3 (Fed. Cl. Spec. Mstr. May 30, 2023).

### Attorneys' Fees and Costs Calculation

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316 – 18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3. F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011). The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at n. 1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. 434.

Petitioners argue that John L. Shipley's attorney work warrants hourly rates of $375.00 in 2021; $400.00 in 2022; and $425.00 in 2023 (as well as lower rates for his time spent on paralegal tasks). ECF No. 50-4 at 3. These rates have been awarded to Mr. Shipley in previous Vaccine Program cases, and they are also reasonable herein. *See, e.g.*, *Ferguson v. Sec'y of Health & Human Servs.*, No. 19-1867V, 2022 WL 1421850, at *2 (Fed. Cl. Spec. Mstr. Mar. 25, 2022); *Marcum v. Sec'y of Health & Human Servs.*, No., 20-65V, 2023 WL 2756218, at *5 – 6 (Fed. Cl. Spec. Mstr. Apr. 3, 2023); *Cross v. Sec'y of Health & Human Servs.*, No. 1958V, 2023 WL 4401124, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023).

Petitioners further request that Mr. Shipley receive an increased hourly rate of $475.00 performed in 2024 – noting that in that year, he surpassed twenty (20) years of general legal experience (having been admitted to the California state bar in 2003). ECF No. 50-4 at 3. They accurately note that $475.00 is the "base rate" for attorneys with at least 20 years of experience in practice, pursuant to OSM's Attorneys Forum Hourly Rate Fee Schedule for 2024. That is appropriate context for the somewhat significant year-to-year increase in his fees, which is hereby approved.

Mr. Shipley billed a total of 103.4 attorney hours and 18.7 paralegal hours on this case. ECF No. 50-1 at 1. As reflected in his billing entries, that work included analysis and briefing of the case-specific evidence, in the context of evolving Federal Circuit precedent, regarding the statutory severity requirement. I find that this time is adequately documented and reasonably incurred.

Finally, Mr. Shipley requests reimbursement for $508.09 in costs associated with the petition filing fee, mileage associated with one in-person case meeting, and obtaining medical records. ECF No. 50-2 at 1 – 3. These costs are also adequately documented and reasonably incurred. Based on my review and the absence of any specific objections raised by Respondent, the fees and costs will be awarded in full.

## Conclusion

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a fees award, I hereby GRANT Petitioner's Motion for attorney's fees and costs. Petitioners are awarded attorneys' fees and costs in the total amount of **$46,989.59** (representing $46,851.50 in fees and $508.09 in costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.